#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF CHESHIRE, OCTOBER TERM,

### A. D. 1828.

## HANNAH SABIN *et a.* executors, *versus* OBED HARKNESS.

He who erects grave stones to the memory of another, may maintain an action for any injury done to them in his time. But after the decease of him, who erected them, if any injury be done, the action belongs not to his executor or administrator, but to the heir of him to whose memory the stones were erected.

THIS was a writ of error, brought to reverse a judgment of the court of common pleas, rendered in an action of trespass, prosecuted by the plaintiffs in error, as executors of the last will of Darling Sabin, against the said Harkness, for taking and carrying away two grave stones and converting them to his own use.

It appeared by the bill of exceptions, which had been filed and allowed in the court below, that the plaintiffs offered evidence, that they were executors of the last will and testament of Darling Sabin, late of Richmond, deceased ; that Darling Sabin, in his life time, erected in the Friend's burying ground in Richmond, two grave

stones, at the grave of his deceased wife and daughter ; that Darling Sabin died in 1823, the said stones having been erected in 1816 ; that in November, 1824, the defendants took those stones from the place where they had been erected and concealed them, until April 1825.

The court instructed the jury, that the plaintiffs, as executors of Darling Sabin, had no right to maintain any action for the removal and concealment of grave stones, erected by their testator in a public burying ground.

The jury returned a verdict in favor of the defendant, upon which judgment was rendered in the common pleas.

*Handerson,* for the plaintiffs in error, contended, that the grave stones before and after they were placed at the grave, were the property of Darling Sabin—that they were personal property, when erected, and so remained at the decease of the testator—that if they were not personal property while they remained fixed in the earth at the grave, they become such the moment they were separated from the freehold—and if the plaintiffs could not maintain an action for separating them from the freehold, they might for carrying them away after they were separated.

He denied that the rules laid down in the English books, on the subject, were law in this state.

*L. Chamberlain* and *J. Parker,* for the defendant in error.

The only ground, upon which the original action can be supported, is, that property of this kind is assets, and as such, liable to be inventoried, and sold for the benefit of those interested in the estate. But if that be the case, the property, by virtue of the probate of the will vested in the executors personally, and the injury of which they complain, happening after the death of the testator, the plaintiffs are entitled to a remedy in their individual, and not in their representative, capacity.

But it is manifest, that this kind of property is not assets. Monuments and tombstones belong to the heir.

They are not devisable. 2 Bl. Com. 428 ; 1 Rob. on Wills, 80—81. In England, the fee of the churchyard is in the parson ; and for any trespass committed there, he, as owner, is entitled to his action. But neither he nor any one else, has a right to deface or destroy tombstones there erected—but the heir has his remedy. Hammond's N. P. 212 ; Hammond on Parties, 183.

RICHARDSON, C. J. delivered the opinion of the court.

It seems that, by the rules of the common law, those who have erected grave stones may maintain an action for any injury done to them during their time. But after their decease, the action, in such a case, belongs to the heirs of him, to whose honor and memory the stones were erected. Co. Litt. 18, *b* ; Cro. James, 366, *Frances* v. *Ley* ; 12 Co. 105, *Corven's Case* ; 3 Bing. 136, *Spooner* v. *Brewster* ; Moore, 878, *Pym* v. *Gorwyn* ; 2 Carrington & Payne, 34, *Spooner* v. *Brewster*.

These rules seem to us to be founded in sound reason and good sense. Grave stones are erected to perpetuate the memory of departed friends, and to mark the spot where their ashes repose. Those who erect them must, in general, have and feel an interest in their preservation. And this is an interest, which the law wisely protects. For no one is so likely to vindicate injuries done to these memorials as those who erected them. But when they, who erected the stones, are gone, as the heirs of those to whose memory they may have been erected, must then have the deepest interest in their preservation, the law wisely leaves it to those heirs to vindicate the wrong. In these monuments, neither executors nor administrators have any interest. They are fixed to the freehold and belong to the heirs. Nor do they cease to be their property, when severed from the freehold. When a man's property, which is fixed to the freehold, is severed, it does not thereby cease to be his property.

We are, thefore, of opinion, that the judgment of the common pleas be affirmed.